**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Baltimore Division**

IN RE:                                    *
                                          *           Case No.:  14-12842 DER
JOHN A. DOYLE                             *
                                          *           Chapter 13
        Debtor                            *
                                          *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OBJECTION TO DEBTOR'S**
**MOTION TO MODIFY CHAPTER 13 PLAN**

Nancy Spencer Grigsby, Chapter 13 Trustee, ("Trustee"), files this Objection to Debtor's

Motion to Modify Chapter 13 Plan, and states as follows:

1.      On or about May 20, 2014 Debtor's Chapter 13 Plan (doc. 24) was confirmed via

Order (doc. 29).

2.      Debtor's Plan was funded via monthly payments of $300 per month for 6 months,

$566.50 per month for 30 months and $810 per month for 24 months, for a total of 60 months

and a total gross funding of $38,235. The Plan paid attorney's fees, mortgage arrears, and

provided a pro-rata distribution to one general unsecured student loan creditor, the U.S.

Department of Education.

3.      On January 19, 2017, Debtor filed a Motion to Modify the Plan that reduces the

Plan terms to 36 months and reduces the gross funding of the plan to $18,795.00 (see, Motion to

Modify at doc. 55).

4.      The Debtor moved to modify his Chapter 13 Plan because he obtained a job

which required him to relocate to North Carolina and has decided to surrender his solely owned

real property after his mortgage lender, The Community Development Administration, obtained

relief from the automatic stay (see, Order granting Motion for Relief at doc. 49).

5.      Debtor's Motion indicates that the proposed Modified Plan will provide the same plan base and distribution to unsecured creditors as the confirmed plan.

6.      However, Debtor's Modified Plan now proposes to pay the unsecured student loan creditor, the U.S. Department of Education, outside of the plan (see, Claim 4), thus eliminating any distribution on the claim.

7.      The proposed Modified Plan proposes monthly payments of $300 per month for 6 months, then $566.50 per month for 30 months, for a total of 36 months and a total gross funding of $18,795, and includes no unsecured creditors to receive a pro-rata distribution. (see, Modified Plan at doc. 55-1).

**Disposable Income Analysis**

8.      The proposed Modified Plan fails to provide for all of the Debtor's disposable income pursuant to 11 U.S.C. §1322(a).

9.      The Debtor's total monthly gross income has changed significantly since confirmation from $5,181.30 per Schedule I (doc. 9) to $8,380.14 per Amended Schedule I (doc.60), an increase of $3,198.84.

10.     The Debtor's Amended Schedule I (doc. 60) indicates a monthly disposable income of $1,983.83.

11.     However, Debtor has taken a deduction from income on the Amended Schedule I of $566.50 per month for his wage order pursuant to the Confirmed Plan's terms (see, Order doc. 46). Debtor's Amended Schedule J incorrectly includes the $566.50 wage order deduction from income.

12.     Debtor has also taken an expense deduction on Amended Schedule J of $500 per month for his student loan. The Trustee objects to this expense on Debtor's Amended Schedule J. The expense was not included on the Debtor's original Schedule J as the unsecured student

loan creditor was to be paid a pro-rata distribution inside the Confirmed Plan. The Debtor has failed to provide any documentation proving that payments are now being made to the student loan creditor outside the plan.

13.    The $566.50 wage order deduction and $500 student loan expense should be included in the debtor's monthly disposable income, increasing the figure to $3,050.33.

### Modified Plan Funding

14.    The debtor's proposed Modified Plan reduces the total plan base by $19,440 from the confirmed Plan. The Debtor has failed to provide any reason for this decrease.

15.    The Debtors' Confirmed Plan is a contractual obligation in which they proposed to make plan payments for a total term of 60 months. ("[A] confirmed plan acts more or less like a court-approved contract or consent decree that binds both the debtor and all the creditors."); *In re Scheierl*, 176 B.R. 498, 503 (Bankr. D. Minn. 1995). ("Given the role of the confirmed plan in the chapter 13 system, the principle that a confirmed chapter 13 plan must be enforceable requires no extended or elaborate justification. It is difficult to conceive how the chapter 13 system could function if confirmed chapter 13 plans were not judicially enforceable.")

16.    It is well settled that the Confirmation Order is *res judicata* to all matters in the Confirmed Plan. *In re Arnold*, 869 F.2d 240, 243 (4th Cir. 1989). Likewise, 11 U.S.C. § 1327 states that "[t]he provisions of the confirmed plan bind the Debtor."

17.    The student loan creditor, U.S. Department of Education, is currently the only allowed general unsecured creditor in this case. The Trustee objects to the treatment of this student loan outside of the plan. The Debtor has sufficient disposable income to pay the U.S. Department of Education a significant pro-rata distribution. Further, by remaining in this case and dedicating all disposable income to pay the student loan claim, as the creditor expected, the

Debtor will exit bankruptcy in a much better financial position, having significantly reduced the student loan obligation, thus bringing him closer to the fresh start envisioned by bankruptcy.

18.    The Debtor has failed to allege any change of circumstance that warrants reduction of the plan term, reduction of plan funding, or removal of the unsecured student loan from plan distribution.

WHEREFORE, the Trustee requests this Honorable Court deny the Debtor's Motion to Modify Chapter 13 Plan and grant other and further relief as may be necessary.

Respectfully submitted,

Date:  April 7, 2017

/s/ Nancy L. Spencer Grigsby
Nancy L. Spencer Grigsby, Chapter 13 Trustee
4201 Mitchellville Road, Suite 401
Bowie, Maryland 20716
Tel. 301-805-4700
E-mail: ngrigsby@ch13md.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April, 2017, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Objection to Debtor's Motion to Modify Chapter 13 Plan will be served electronically by the Court's CM/ECF system on the following:

Douglas R. Gorius
dgorius.esq@comcast.net
(Debtor's Attorney)

I hereby further certify that on the 7th day of April, 2017, a copy of the Objection to Debtor's Motion to Modify Chapter 13 Plan was also mailed first class mail, postage prepaid to:

John A. Doyle
4041 William Bill Luther Dr., Apt. 48
Hope Mills, NC 28348
(Debtor)

**/s/ Nancy L. Spencer Grigsby**
Nancy L. Spencer Grigsby
Chapter 13 Trustee